UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEWSPAPER GUILD OF ST. LOUIS, LOCAL 36047, TNG-CWA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No.: 4:09CV412 RWS ) |
| ST. LOUIS POST DISPATCH, LLC | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Newspaper Guild of St. Louis, Local 36047, TNG-CWA ("Guild") filed this lawsuit seeking an order compelling arbitration of a collective bargaining agreement ("Agreement") dispute with Defendant St. Louis Post Dispatch, LLC ("Post-Dispatch"). The Guild asserts that a provision of the Agreement requires the Post-Dispatch to pay the full medical insurance premiums for the lifetime of each union member who retired[1] during the period the Agreement was in force. The Post-Dispatch asserts that the provision required the Post-Dispatch to pay the full medical premiums only during the term of the Agreement. The parties have filed cross-motions for summary judgment. Because I find that the dispute is the proper subject for arbitration I will grant the Guild's motion for summary judgment.

### *Background*

The Agreement at issue covered the time period from December 12, 1994 through January 9, 2003. The disputed provision of the Agreement states:

> The Employer agrees to provide for the term of this Agreement on retirement under the terms of the Joseph Pulitzer Pension Plan for each employee

---

[1] And met a years-of-service provision.

> covered by this Agreement having ten (10) years or more of continuous service as an employee with the Employer immediately preceding the date of retirement, the group medical insurance benefits provided for in this Article for the retiree. The Employer shall pay the full premium for the employee's coverage only, for the remainder of the retired employee's life. It is understood and agreed that the benefits described herein shall remain in effect only for the duration of the retired employees's lifetime.

(Def.'s Mot. to Dismiss Mem. in Supp. Ex. A-2 pp. 31-32)

The Guild asserts that a plain reading of this provision entitles any qualified retiree, who retired during the term of the Agreement, to group medical insurance benefits with the full premium paid by the Post-Dispatch for the lifetime of the retiree. The Post-Dispatch counters that a plain reading of the provision limits the obligation of the Post-Dispatch to pay the full insurance premium only during the period that the Agreement was in force (that is, through January 9, 2003).

On October 31, 2008, the Post-Dispatch began to require the qualified retirees (who retired during the term of the Agreement) to pay 30% of the medical benefit premium. The Guild contends that this requirement violates the terms of the Agreement. The Guild asserts that the Agreement's requirement for the Post-Dispatch to pay the full premium for qualified retirees survives the expiration of the Agreement. The Post-Dispatch asserts that its duty to pay the full premium ended with the expiration of the Agreement and that it has the right to require qualified retirees to pay 30% of the premiums.

The Guild sought to resolve this dispute in arbitration. The Post-Dispatch refused to arbitrate this dispute. The parties have filed cross-motions for summary judgment seeking a ruling whether this dispute is subject to arbitration as required by the expired Agreement.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

The issue in this matter is whether the parties' dispute over retiree insurance benefits is subject to the arbitration provision of the Agreement. Arbitration agreements are liberally enforced by federal courts.

> The Supreme Court has repeatedly noted that the Federal Arbitration Act was designed to combat longstanding hostility to arbitration by establishing "a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem. Hosp., 460 U.S. at 24, 103 S.Ct. 927; see also Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 220 n. 6, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The Act instructs district courts to enforce the parties' decision to remove their controversy from the judicial realm and have it decided by arbitration. Byrd, 470 U.S. at 218, 105 S.Ct. 1238. Thus, the Act requires that when a party petitions for an order to compel

arbitration, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A., 334 F.3d 721, 725 - 726 (8th Cir 2003).

The Supreme Court of the United States has directed that the question of whether a dispute is subject to arbitration is an issue for judicial determination. AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986). In deciding whether a grievance is subject to arbitration, a court should not rule on the potential merits of the underlying claims. Id. A court should not weigh the merits of a claim or determine whether "there is particular language in the written [collective bargaining] instrument which will support the claim." Id. at 650. Furthermore, "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that **an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.** Such a presumption is particularly applicable where the clause is as broad." Id. (internal citations and quotations omitted)(emphasis added).

The Agreement between the Guild and the Post-Dispatch contains a broad arbitration provision. The provision states that a grievance is "a claim or dispute with the Employer by and employee or employees or by the Guild involving an alleged violation by the Employer of the terms of this Agreement." (Def.'s Mot. to Dismiss Mem. in Supp. Ex. A-2 p. 4) It also provides that the arbitrator shall hear grievances as referred and that [t]he arbitrator's decision and award shall be based solely upon the arbitrator's interpretation of the meaning or application of the

express terms of this Agreement to the facts of the grievance presented." The arbitrator's award "shall be final and binding" on the parties. (Def.'s Mot. to Dismiss Mem. in Supp. Ex. A-2 p. 5)

There is no doubt that if the dispute over the meaning of the retiree benefit clause at issue arose during the period the Agreement was in force, the dispute would have been subject to the mandatory grievance-arbitration provisions of the Agreement. The issue is whether the dispute is still subject to the arbitration provision. The termination of a collective-bargaining agreement does not automatically extinguish a party's duty to arbitrate grievances arising under the contract. Nolde Bros., Inc. v. Local No. 358, Bakery and Confectionery Workers Union, AFL-CIO, 430 U.S. 243, 251 (1977). "[W]here the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication." Id. at 255.

"A postexpiration grievance can be said to arise under the contract only where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." Litton Financial Printing Div., a Div. of Litton Business Systems, Inc. v. N.L.R.B., 501 U.S. 190, 206 (1991).

In deciding whether a dispute is arbitrable, judicial review of a collective bargaining agreement should determine "whether it was 'possible' for an arbitrator, consistent with the plain meaning of the agreement, to rule in favor of the party demanding arbitration." International Broth. of Elec. Workers, AFL-CIO, Local 1 v. GKN Aerospace North America, Inc., 431 F.3d 624, 628 (8th Cir. 2005)(noting that a judicial determination of arbitrability is sometimes in

tension with the admonition not to review the merits of a claim when the merits are intertwined with the question of arbitrability).

The present arbitration dispute clearly concerns an issue that would be arbitrable if the Agreement was still in force. The question is whether the qualified retirees who retired during the Agreement period are entitled to have the Post-Dispatch pay their full medical insurance premiums for the remainder of their lives or whether the Post-Dispatch's obligation was limited to the life of the Agreement.

I find that this dispute is subject to arbitration because it concerns an "action taken after expiration [which] infringes a right that accrued or vested under the agreement." Litton Financial Printing Div., 501 U.S. at 206. When qualified retirees retired during the period the Agreement was in force they accrued or were vested with a right to have the Post-Dispatch pay their full medical insurance premiums. Whether that right is for their lifetime or limited to the term of the Agreement (the ultimate issue) is not the issue at this stage, it is enough that a right vested. If I were to decide the scope of the right that vested I would be deciding the merits of the case which is not my role in determining whether this dispute is arbitrable. AT & T Technologies, Inc., 475 U.S. at 649.

In addition, I find that under normal principles of contract interpretation, the disputed contractual right may be found by an arbitrator to survive the expiration of the remainder of the agreement. Litton Financial Printing Div., 501 U.S. at 206. That is, under normal contract interpretation, the right to lifetime benefits can be found.

Under the Supreme Court precedents discussed above, I should refrain from ruling on the merits of the Guild's dispute with the Post-Dispatch. If it can be avoided I should not make the

ultimate determination of what right vested (fully paid premiums for the term of the Agreement or for a lifetime) or make the determination that normal principals of contract interpretation dictate that the duration of the benefit (the term of the Agreement or for a lifetime). GKN Aerospace North America, Inc., 431 F.3d at 628 ("judicial review was required at least to the point of determining whether it was 'possible' for an arbitrator, consistent with the plain meaning of the agreement, to rule in favor of the party demanding arbitration"). The ultimate determination of the underlying dispute must be made by an arbitrator.

A key issue to decide is whether it is possible an arbitrator may find that the retirees were vested in the right for the life of the retiree. The Post-Dispatch argues that its position of an expired obligation is clearly supported by the first sentence of the contested provision which states that "[t]he Employer agrees to provide for the term of this Agreement...." But other language of the provision states that the "Employer shall pay the full premium for the employee's coverage only, for the remainder of the retired employee's life. It is understood and agreed that the benefits described herein shall remain in effect only for the duration of the retired employees's lifetime." This language suggests that the benefit is one for the life of the retiree. The last line in particular provides basis to find that it is "'possible' for an arbitrator, consistent with the plain meaning of the agreement, to rule in favor of the party demanding arbitration." Id. The last sentence did not reiterate that the benefit was limited to the term of the Agreement but rather the benefit was for the retired employee's lifetime. Reading this provision and the Agreement as a whole, and resolving any doubts in favor of arbitration, as I must, I find that it is possible for an arbitrator to rule in favor of the Guild. Its possible that an arbitrator could find that a lifetime right vested and that normal principals of contract interpretation provided the

-7-

retirees with a lifetime right. It is also possible that the an arbitrator might find the Post-Dispatch's interpretation of the disputed provision, however, aribtrability of a dispute under an expired agreement must be presumed unless "negated expressly or by clear implication." Nolde Bros., Inc., 430 U.S. at 255. The mere possibility that the an arbitrator may rule in favor of the Post-Dispatch does not expressly or by clear implication negate the presumption of arbitrability of this dispute.

As a result, I will grant the Guild's motion for summary judgment seeking to compel arbitration and deny the Post-Dispatch's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff Newspaper Guild of St. Louis, Local 36047, TNG-CWA motion for summary judgment [#29] is **GRANTED**. The parties shall proceed forthwith to arbitrate the pending grievance in accordance with the terms of the Agreement.

**IT IS FURTHER ORDERED that** Defendant St. Louis Post Dispatch, LLC's motion for summary judgment [#31] is **DENIED**.

**IT IS FURTHER ORDERED that** all other pending motions are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2010.